**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| THOMAS F. FEE, | ) | Case No. 13-34230 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF
<u>FIGLIULO & SILVERMAN, P.C.</u>**

Michael K. Desmond, Stephen A. Viz, and William G. Cross and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Thomas F. Fee (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the U.S. Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing a final award of compensation and reimbursement of expenses in the above-captioned case (the "Final Application").

In this Final Application, F&S requests the allowance of compensation of $35,839.50 for 101.5 hours of legal services rendered to the Debtor and reimbursement of expenses of $254.02 incurred in connection with those services during the period February 20, 2015 through August 27, 2015 (the "Final Application Period"). In support of this Final Application, F&S states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Final Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The statutory predicates for the relief requested herein are Sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## INTRODUCTION

4. On August 28, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), thereby commencing the above-entitled case and creating the Debtor's estate (the "Estate").

5. On March 18, 2015, the Bankruptcy Court entered an order authorizing the Debtor to retain F&S to represent him in connection with his Chapter 11 proceeding.

6. On August 27, 2015, (the "Conversion Date"), upon motion of the First Midwest Bank, this Court entered an order converting the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code. [*Dkt. No*. 330].

7. On the Conversion Date, the United States Trustee appointed Peter Metrou as the Chapter 7 Trustee of the Debtor's bankruptcy Estate ("Trustee").

## BACKGROUND

8. The Debtor owned 5 separate commercial, residential and mixed-use properties in and around the south suburbs of Chicago.

9. During the Chapter 11 case, the Debtor encountered significant legal issues concerning the Debtor's properties and his ability to reorganize, property management issues as landlord and owner, residential and commercial tenant issues, significant past due real estate taxes on most of his properties, potential sales of the Debtor's properties, and disputes with First Midwest Bank, his largest secured creditor, whose mortgage was cross-collateralized by various properties, and numerous other legal issues which required the assistance of counsel in the Chapter 11 case.

10. On or about September 4, 2013, this Court authorized the Debtor to retain Tom Toolis to represent him in the Chapter 11 Proceeding. On or about March 18, 2015, Mr. Toolis was granted leave to withdraw as counsel to the Debtor. [*Dkt. No.* 296]. On March 18, 2015, the Bankruptcy Court entered an order authorizing the Debtor to retain F&S to represent the Debtor retroactive to February 20, 2015. [*Dkt. No.* 295].

11. In connection with its retention, F&S received a post-petition advance payment retainer in the amount of $10,000.00, after serving notice to all creditors.

12. Pursuant to the terms of F&S's employment by the Debtor, F&S is entitled to payment of legal fees according to the rates set forth below:

| | |
|---|---|
| Michael K. Desmond | $375 per hour |
| Stephen A. Viz | $350 per hour |
| William G. Cross | $275 per hour |
| Associates | $250 -275 per hour |
| Paralegal | $95 per hour |

13. Additionally, pursuant to the terms of F&S's employment by the Debtor, F&S is entitled to recover all reasonable and necessary expenses incurred in connection with its

representation of the Debtor such as filing fees, expert witness fees, deposition costs, transcripts, travel costs, outside copying costs, and courier charges ("Expenses").

14. This is the only application for compensation filed by F&S, and F&S has not received any previously awarded compensation or reimbursement of expenses.

## LEGAL SERVICES RENDERED BY F&S

15. In this Final Application, F&S requests the allowance of final compensation of $35,839.50 for 101.5 hours of legal services rendered to the Debtor and reimbursement of expenses of $254.02 incurred in connection with those services during the period the Final Application Period.

16. Prior to the Conversion Date, F&S advised the Debtor with respect to his rights and duties in the Chapter 11 proceeding as well as on legal issues relating to the administration of the Debtor's assets, and performed such other legal services as required from time to time as necessary to protect the Estate, including routine court appearances.

17. Additionally, F&S advised the Debtor on legal issues relating to landlord/tenant issues for the Debtor's numerous properties, as well as on issues concerning the negotiations for potential sales of the Debtor's properties and related issues arising with respect to settlement with the Debtor's lenders holding liens to those properties.

18. Itemized and detailed descriptions of the specific legal services rendered and out-of-pocket Expenses incurred by F&S are reflected on **Exhibit A** and **Exhibit B** respectively, and are incorporated by reference.

19. As required by Local Rule 5082-1(B) and (C), F&S provides the following Narrative Summary and Detailed Statement of Services.

## NARRATIVE SUMMARY

### *(LOCAL RULE 5082-1(B))*

20.    Local Rule 5082-1(B)(1)(a) – During the Final Application Period, F&S performed a variety of services on the Debtor's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Summary | Hours | Fees |
|---|---|---|
| Employment of Professionals | 6.4 | $2,102.50 |
| Settlement Negotiations | 17.2 | $6,321.25 |
| Sale of Peotone Property to IDOT | 7.6 | $2,677.50 |
| Analysis of Real Estate Taxes | 10.2 | $2,907.00 |
| Use of Cash Collateral | 4.8 | $1,790.00 |
| Tenant and Leasing issues | 7.1 | $2,457.50 |
| Retention of Property Manager | 1.0 | $ 362.50 |
| Sale of Properties Pursuant to Section 363 | 25.7 | $9,221.25 |
| Court Appearances | 11.2 | $4,187.50 |
| Monthly Operating Reports | .8 | $ 250.00 |
| Application for Compensation | 9.5 | $3,562.50 |
| **Totals** | **101.5** | **$35,839.50** |

21.    Local Rule 5082-1(B)(1)(b) – Narrative summaries of F&S's principal activities follow, including details as to individual tasks performed within each activity:

(a) **Employment of Professionals** – The services under this task primarily consisted of drafting and negotiating retention agreement, drafting and filing motions to employ Debtor's counsel, filing amended affidavits, drafting and serving notice of post-petition retainer. In connection with these services, F&S expended 6.4 hours and incurred $2,102.50 in fees during the Final Application Period.

(b) **Settlement Negotiations -** The services under this task primarily consisted of negotiations between the Debtor and First Midwest Bank for settlement of all disputes, drafting settlement proposals, conferences with client and counsel for First Midwest Bank, reviewing and revising a proposed Deed In Lieu Agreement and analyzing the tax implications of such agreement. In connection with these services, F&S expended 6.4 hours and incurred $2,102.50 in fees during the Final Application Period.

(c) **Sale of Peotone Property to IDOT -** The services under this task primarily consisted of negotiations between the Debtor and the Illinois Department of Transportation ("IDOT") over the potential taking of the Debtor's vacant land

5

located at 28411 S. Route 50 in Peotone, Illinois, review of appraisals by IDOT, conferences with the Debtor and counsel for IDOT and researching status of appropriations for land acquisitions by the State of Illinois. In connection with these services, F&S expended 7.6 hours and incurred $2,677.50 in fees during the Final Application Period.

(d) **Analysis of Real Estate Taxes** - The services under this task primarily consisted of analyzing the back real estate taxes for multiple years on the Debtor's various properties, obtaining estimates of redemption from Cook County, Illinois and Will County, Illinois and preparing summary schedules for lenders and potential purchasers. In connection with these services, F&S expended 10.2 hours and incurred $2,907.00 in fees during the Final Application Period.

(e) **Use of Cash Collateral** – The services under this task primarily consisted of working with the Debtor's secured lenders to resolve cash collateral and estate funding issues, drafting budgets and drafting proposed orders authorizing continued use of cash collateral. In connection with these services, F&S expended approximately 4.8 hours and incurred $1,790.00 in fees during the Final Application Period.

(f) **Tenant and Leasing Issues**– The services under this task primarily consisted of reviewing and analyzing commercial and residential leases, drafting default/eviction notices, reviewing rent rolls and negotiations with tenants. In connection with these services, F&S expended 7.1 hours and incurred $2,457.50 in fees during the Final Application Period.

(g) **Retention of Property Manager -** The services under this task primarily consisted of interviewing potential property managers and brokers for the Debtor's various properties. In connection with these services, F&S expended 1.0 hours and incurred $362.50 in fees during the Final Application Period.

(h) **Sale of Properties Pursuant to Section 363** - The services under this task primarily consisted of efforts to pursue, negotiate, and draft contract for sale and prepare a motion seeking approval of a sale of the Debtor's real property located at 5431 Main Street, Monee, Illinois, reviewing and responding to letters of intent for the Debtor's vacant property on Governors Highway in Monee, Illinois, reviewing appraisals, negotiations with potential purchasers, analyzing potential capital gains tax implications, real estate tax redemptions and calculating potential sale proceeds. In connection with these services, F&S expended 25.7 hours and incurred $9,221.25 in fees during the Final Application Period.

(i) **Court Appearances** – The services under this task consisted of appearances by F&S in bankruptcy court on various matters and status hearings on behalf of the Debtor. In connection with these services, F&S expended 11.2 hours and incurred $4,187.50 in fees during the Final Application Period.

(j) **Monthly Operating Reports** - The services under this task primarily consisted of reviewing and filing the Debtor's Monthly Summaries of Cash receipt and Disbursements, conferences with the Debtor's accountants and filing the monthly

6

      reports with the court. In connection with these services, F&S expended 0.8 hours and incurred $250.00 in fees during the Final Application Period.

  (k) **Application for Compensation** – The services under this task primarily consisted of reviewing time and billing invoices, preparing time summaries and supporting detail and drafting this Final fee application. In connection with these services, F&S expended 9.5 hours and incurred $3,562.50 in fees during the Final Application Period.

22.    Local Rule 5082-1(B)(1)(c) – By this Final Application, F&S seeks compensation of $3,562.50 for 9.5 hours of legal services in connection with the preparation of this Final Application.

23.    Local Rule 5082-1(B)(1)(d) – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work is attached as **Exhibit C**.

24.    Local Rule 5082-1(B)(1)(e) – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

25.    Local Rule 5082-1(B)(1)(f) – This is the Final Application filed by F&S for compensation and reimbursement of expenses.

26.    Local Rule 5082-1(B)(1)(g) –F&S seeks the reimbursement of actual, necessary out of pocket expenses totaling $254.02. A breakdown of each type of expense is included on schedule attached hereto as attached as **Exhibit B**. To summarize them here, the expenses incurred by F&S primarily related to the following: filing fees, fees to estimates of Redemption Certificates from Cook County and Will County and postage and delivery charges that were incurred in the service of pleadings. For documents, pleadings, or correspondence that was delivered by messenger as opposed to delivery by first class mail, such expedited delivery was

7

deemed absolutely necessary in the exercise of discretion by the responsible attorney in order to meet court deadlines.

27.    All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Debtor in this case, and were specifically allocated to the Debtor's case. None of the expenses represents general overhead or other expenses unrelated to this case.

28.    Local Rule 5082-1(B)(2) – F&S seeks the allowance of final compensation of $35,839.50 for 101.5 hours of legal services rendered to the Debtor and reimbursement of expenses of 254.02 incurred in connection with those services during the Final Application Period.

## DETAILED STATEMENT OF SERVICES
*(LOCAL RULE 5082-1(C))*

29.    The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description.  Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

30.    The time detail attached as **Exhibit A** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and

8

activities that match the narrative descriptions in this Final Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

## BASIS FOR RELIEF

31.     Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Final Application Period were required for the proper representation of the Debtor in his bankruptcy case.

32.     There has been no duplication of services by partners, associates, paralegals, or clerks of F&S for which compensation is requested herein. In instances where two or more attorneys, paralegals or clerks participated in any matter, joint participation was deemed necessary due to the complexity of the issues involved. F&S has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals. However, F&S professionals have been required to conduct a limited number of conferences to provide effective legal representation to the Debtor as outlined in *In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991).

33.     From the outset of this case, professionals at F&S were instructed to avoid recording time entries which contained "lumping" as discussed in *In re Pettibone Corp.*, 74 B.R. 293, 302 (Bankr. N.D. Ill. 1987).

34.     The time detail attached hereto as **Exhibit A** contains all of the information required by Local Rule 5082-1(C) in order to constitute the detailed statement required by

Bankruptcy Rule 2016(a). F&S has endeavored to: (a) avoid lumping multiple tasks into a single entry; (b) minimize time spent on interoffice conferences, though at times, such conferences were necessary and unavoidable; and (c) provide detail about each task, such as the subject matter of each telephone conference, correspondence, document review, etc. **Exhibit B** contains a list of F&S's out of pocket expenses.

35. F&S's hourly rates for professionals who performed services for the Debtor during the Final Application Period are less than or comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in comparable Chapter 11 cases in the Northern District of Illinois. The compensation sought by F&S in this Final Application is for ordinary and necessary services rendered to the Debtor, and the fees sought are reasonable.

36. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Final Application Period were required for the proper representation of the Debtor in this bankruptcy case.

37. The compensation sought by F&S in this Final Application is for ordinary and necessary services rendered to the Debtor, and in light of the number of hours spent by F&S rendering legal services to the Debtor in the Chapter 11 case, F&S submits that the amount for sought for allowance in this Final Application is fair and reasonable.

38. All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Debtor in this case, and were

specifically allocated to the representation of the Debtor in this case. None of the expenses represents general overhead or other expenses unrelated to this case.

39. F&S does not seek reimbursement for fees or expenses incurred after the Conversion Date.

40. F&S prepared this Final Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the Estate, F&S is also entitled to receive compensation for the preparation of this Final Application. *Pettibone*, 74 B.R. at 304.

41. Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Debtor and the Estate. All services performed by F&S and all expenses incurred were reasonable and necessary and for the benefit of the Debtor's bankruptcy Estate.

42. No payments have heretofore been made or promised to F&S for the legal services rendered to the Debtor in connection with this case, except that F&S received a post-petition advance payment retainer in the amount of $10,000.00, which has not yet been applied to the amounts claimed due by F&S.

43. F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation to be received by F&S for its legal services rendered to the Debtor in this case.

## REQUEST FOR LIMITED NOTICE

44.     F&S has provided twenty-one days' notice of this Final Application to all parties registered with CM/ECF in this case, including the United States Trustee's office and the Debtor. Additionally, F&S has served paper copies of a Notice of Hearing on this Final Application by first class U.S. mail on the Debtor's creditors in this case, which identifies F&S as the applicant, states the amounts requested in the Final Application, and provides contact information for any party to request a copy of the Final Application free of charge.

45.     F&S requests that the Court excuse the notice requirements of Bankruptcy Rule 2002(a)(6) and approve the limited notice of the Final Application as sufficient and appropriate under the circumstances. Limited notice of the Final Application is sufficient in light of the lack of prejudice to any party, the limited number of active parties in this case, the expense of serving each creditor individually with the entire Final Application, and the lack of an offsetting benefit to creditors given that the United States Trustee, and the Debtor's other largest creditors and parties in interest will receive this Final Application. Further, all creditors will receive notice of this Final Application and be afforded the chance to receive a copy upon request free of charge.

WHEREFORE, Michael K. Desmond, Stephen A. Viz, William G. Cross and the law firm of Figliulo & Silverman, P.C. respectfully request that this Court enter an order:

(a)     Granting the relief requested in this Final Application;

(b)     Granting F&S's request to limit notice as set forth above and finding that the Notice of the Hearing on this Final Application was sufficient;

(c)     Allowing F&S's fees in the amount of $35,839.50 for the legal services to the Debtor between February 20, 2015 through August 27, 2015;

(d)     Allowing F&S's out of pocket expenses in the amount of $254.02, incurred in connection with the legal services rendered to the Debtor between February 20, 2015 through August 27, 2015 as actual, necessary expenses;

 (e) Granting F&S an allowed Chapter 11 Administrative claim in the amount of: (i) $35,839.50 as compensation for the legal services rendered to the Debtor between February 20, 2015 through August 27, 2015; and (ii) $254.02 as reimbursement of actual, necessary expenses incurred between February 20, 2015 through August 27, 2015;

 (f) Authorizing F&S to apply its post-petition advance payment retainer in the amount of $10,000.00 against the allowed amount of its claim; and

 (g) Granting such other relief as this Court deems necessary or appropriate.

Dated: February 12, 2016         Respectfully Submitted,

              **FIGLIULO & SILVERMAN, P.C.**

             By: */s/ Michael K. Desmond*

Michael K. Desmond (IL #6208809)
William G. Cross (IL #6299574)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 251-4600
Fax: (312) 251-4610

**CERTIFICATE OF SERVICE**

I, Michael K. Desmond, the undersigned attorney, hereby certify that on February 12, 2016, I electronically filed the **Final Application for Allowance of Compensation and Reimbursement of Expenses of Figliulo & Silverman, P.C.** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals:

# Mailing Information for Case 13-34230

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Michael N Burke     bk_il_notice@fisherandshapirolaw.com
- William Cross     wcross@fslegal.com
- Robert L Dawidiuk     rdawidiuk@collinslaw.com
- Michael K Desmond     mdesmond@fslegal.com, dorisbay@fslegal.com
- Michael J Kalkowski     mkalkowski@fisherandshapirolaw.com, BK_IL_Notice@fisherandshapirolaw.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Jill Luetkenhaus     jluetkenhaus@fisherandshapirolaw.com, ndil@kmi-law.com
- Peter N Metrou     met.trustee7@att.net, met.trustee_backup@att.net,pnmlawyer@aol.com,pmetrou@ecf.epiqsystems.com
- Peter N Metrou     met.trustee7@att.net, met.trustee_backup@att.net,pnmlawyer@aol.com,pmetrou@ecf.epiqsystems.com
- Peter N Metrou     metrouassociates@sbcglobal.net
- Jennifer M Rinn     JenniferR@kropik.net
- Thomas W Toolis     twt@jtlawllc.com, lld@jtlawllc.com; axb@jtlawllc.com; reception@jtlawllc.com

And I hereby further certify that on February 12, 2016 I served a copy of the **Final Application for Allowance of Compensation and Reimbursement of Expenses of Figliulo & Silverman, P.C.** upon the parties named on the Manual Notice List by depositing a copy into the U.S. Mail before the hour of 5:00 p.m., proper postage prepaid.

2

**Manual Notice List**

Thomas Fee
9120 Kinsale
Tinley Park, IL  60487

Shawn Fee
9120 Kinsale Dr.
Tinley Park, Il  60487

PRA Receivables Management LLC
POB 41067
Norfolk, VA 23541

Thomas W. Toolis
Jahnke, Sullivan & Toolis, LLC
10075 West Lincoln Highway
Frankfort, IL  60423

John Bibeau
Mulcahy, Pauritsch, Salvador & Co., Ltd.
14300 S. Ravinia Ave.
Orland Park, IL  60462